[NOT FOR PUBLICATION]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

GANG LIU,

        Plaintiff,

    -against-

YING HUA GUO, JINTAO HU, GUANGLIE LIANG, BINGDE CHEN & JINAI LI,

        Defendants.

------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 9/16/10

10 Civ. 6810 (PAC) (AJP)

**REPORT AND RECOMMENDATION**

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Paul A. Crotty, United States District Judge:**

    Plaintiff Gang Liu brings this case as a diversity action against Ying Hua Guo and four other defendants, on diversity grounds. (Dkt. No. 1: Compl. ¶ II.A.) The complaint relates that plaintiff is a citizen of New York (residing in Manhattan) and defendant Guo also is a citizen of New York, residing in Queens, New York. (Compl. ¶¶ I.A-B, II.C.) The other four defendants appear to be residents of China. (Compl. ¶¶ I.C, II.C.)

    Diversity jurisdiction requires <u>complete</u> diversity of all plaintiffs from all defendants. 28 U.S.C. § 1332(a)(i). It is clear that plaintiff Liu and defendant Guo both are citizens of New York State. Thus, diversity is absent.

    The case should be dismissed without prejudice to allow plaintiff to bring suit in state court.

H:\OPIN\

## **FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty, 500 Pearl Street, Room 735, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Crotty (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:   New York, New York
         September 16, 2010

Respectfully submitted,

Andrew J. Peck
United States Magistrate Judge

Copies to:   Gang Liu (Regular & Certified Mail)
             Judge Paul A. Crotty

H:\OPIN\