```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GANG LIU,                                                   :
                                                            :
                Plaintiff,                                  :
                                                            :     10 Civ. 6810 (PAC) (AJP)
        - against -                                         :
                                                            :     ORDER
YING HUA GUO, et al.,                                       :
                                                            :
                Defendants.                                 :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 2, 2011

HONORABLE PAUL A. CROTTY, United States District Judge:

    Gang Liu ("Liu") brings this action against Ying Hua Guo ("Guo") and four other defendants (including President of the People's Republic of China, Hu Jintao), based on diversity jurisdiction. Liu asserts that he is a citizen of New York, New York; that Guo is a citizen of Queens, New York; and that the other defendants are residents of China. (Compl. ¶¶ I-II). The Court referred general pretrial matters and dispositive motions in the case to Magistrate Judge Andrew J. Peck on September 15, 2010. On September 16, 2010, Magistrate Judge Peck issued a Report and Recommendation ("R&R"), recommending that the Court dismiss the case for lack of subject matter jurisdiction, without prejudice to bring suit in state court. Although no objections were filed, on January 10, 2011, the Court received a letter from Liu requesting an extension of time in which to serve the defendants. The Court has reviewed the R&R and Liu's letter. For the reasons that follow, the Court adopts the R&R in full and dismisses the complaint.

    A district court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the recommendations of the Magistrate Judge, the Court is obligated to review the contested issues de novo. Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998).

The Court, however, "may adopt those portions of the Report [and Recommendation] to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

Magistrate Judge Peck correctly determined that, since the plaintiff and one of the defendants are citizens of New York State, complete diversity and, therefore, subject matter jurisdiction are lacking. See 28 U.S.C. § 1332(a)(i); Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff."). Accordingly, the Court does not reach the issues related to service raised in Liu's January 10, 2011 letter, or the question of sovereign immunity. The case is dismissed without prejudice to bring suit in state court.

Dated: New York, New York
      May 2, 2011

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

**Copies Mailed By Chambers**